# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-6464 PA (FFMx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | Michael Richman v. City of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**　　IN CHAMBERS – COURT ORDER

　　On December 27, 2016, the Court entered an order staying this action pending resolution of a substantially similar action in Los Angeles County Superior Court. (Docket No. 32.) The Court's order required Plaintiff's counsel to file a status report every three months apprising the Court of the status of that state-court action. (Id. at 4.) Plaintiff thereafter filed several quarterly status reports (Docket Nos. 37-39, 41), but Plaintiff failed to timely file a status report in March 2018. Accordingly, on April 2, 2018, the Court ordered Plaintiff to show cause, in writing, why this action should not be dismissed for lack of prosecution or failure to comply with the Court's orders. (Docket No. 42.) On April 4, 2018, Plaintiff filed a status report and a response to the Court's Order to Show Cause. (Docket No. 43.) That same day, April 4, 2018, the Court discharged its Order to Show Cause but cautioned Plaintiff that "another failure to file a status report as required by the Court's December 27, 2016 order may result in dismissal of this action without further warning." (Docket No. 44.) Another status report was due September 27, 2018, but to date, Plaintiff has failed to file a status report.

　　Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Mar. Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41 – that defendant "may" move for dismissal – does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal. Link, 370 U.S. at 630, 82 S. Ct. at 1388-89. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. Cal. Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

　　In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6464 PA (FFMx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | Michael Richman v. City of Los Angeles, et al. | | |

the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation, will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. Defendants may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth Henderson factors, after Plaintiff failed to timely file his last status report, the Court cautioned Plaintiff that "another failure to file a status report as required by the Court's December 27, 2016 order may result in dismissal of this action without further warning." (Docket No. 44.) Despite this warning, Plaintiff failed to file his September 2018 status report. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

As a result of Plaintiff's failure to comply with this Court's orders by failing to file a status report, this action is dismissed without prejudice. See Federal Rule of Civil Procedure 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.